(Court of Appeal, Parish of Orleans).

## ANDRUS AND EVERHART vs. W. P. BARMORE ET ALS.

Questions of fact only are involved.

Appeal from the Civil District Court, Division "E."

W. A. Bell, for plaintiff and appellee.

P. M. Milner, Saunders, Dufour and Dufour, H. A. Ansley, for defendants and appellants.

DUFOUR, J.—In this case, plaintiff, a minor sub-contractor under the main sub-contractor, sued the main contractor and his surety for a balance due by the main sub-contractor. The main contractor thereupon called in warranty the main sub-contractor and the latter's surety and the last named surety in turn called in warranty its indemnitor. Judgment was rendered in favor of plaintiff against the main contractor and his surety, with like judgment over in favor of said main contractor against the main sub-contractor's surety and with like judgment over in favor of the latter surety against its indemnitor. The main contractor, the surety on his bond and the surety on the bond of the main sub-contractor each prosecutes separate suspensive appeals and the indemnitor prosecutes a devolutive appeal. All appeals have been consolidated in this court. No briefs in support of the suspensive appeals have been filed and the respective attorneys for these appellants, at the hearing in this court, submitted the cause without argument, and with the statement of their conviction that the judgment appealed from is correct and should be affirmed.

But the indemnitor attacks the correctness of the judgment on the ground that plaintiff's contract, which was in writing, was not offered nor filed in evidence; and on the further ground that the claim allowed embraces compensation for extra work not contemplated nor provided for by the contract with reference to which the bond of indemnity was given.

Neither contention is well founded. Plain 's contract was offered and filed in evidence, and appears in the transcript. The contract in connection with which the bond of indemnity was given, specifically provides for extra work, and the record discloses that the extra work here sued for was contracted for and performed in strict accordance with the conditions of this contract with regard to such work.

The record supports the correctness of the judgment appealed from and it is accordingly affirmed.

April 3, 1911.

Rehearing refused, May 15, 1911.